UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

ELLIOT PILTON,

                      Plaintiff,                     Case No. 1:16-cv-1349

v.                                             Honorable Janet T. Neff

UNKNOWN DUBY et al.,

                      Defendants.

_____/

## <u>OPINION</u>

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Thomas Mackie.  The Court will serve the complaint against Defendant Unknown Duby.

## Discussion

I.     Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Michigan.  Plaintiff sues ECF Chaplain Unknown Duby and ECF Warden Thomas Mackie.  Plaintiff alleges that beginning May 15, 2016, he asked Defendant Duby[1] to change Plaintiff's religious preference to Al-Islam to permit Plaintiff's participation in the upcoming Ramadan fast.[2]  Plaintiff states that the deadline for participating in the Ramadan fast was May 19, 2016.  Plaintiff renewed his request on May 16, 2016. Defendant Duby failed to act promptly to change Plaintiff's religious preference or to permit Plaintiff's participation in the Ramadan fast.

On June 7, 2016, Plaintiff sent kites to Defendants Duby and Mackie asking to change his religious preference to Al-Islam and asking to be placed on the Ramadan fast list.  On June 9, 2016, Defendant Duby responded to Plaintiff's June 7 kite acknowledging Plaintiff's request but denying that he received Plaintiff's May 16 request and not even mentioning Plaintiff's May 15 request.

On June 13, 2016, Plaintiff sent kites to Defendants Duby and Mackie again asking them to place Plaintiff on the Ramadan fast list.  Plaintiff never received a response.

---

[1]Plaintiff alleges that it is the responsibility of the chaplain to process prisoners' declaration of religious preference form and place inmates on the Ramadan fast list.  His allegation finds support in Michigan Department of Corrections Policy Directive with regard to the declaration form, Michigan Department of Corrections Policy Directive 05.03.150 ¶ R, but not with regard to approving participation in the fast.  That responsibility falls to the Correctional Facilities Administration Special Activities Director. *Id.* ¶¶ NN-XX; *see also Washington v. Caldwell*, No. 11-10448, 2013 WL 1192306 *4 (E.D. Mich. Mar. 22, 2013) ("[T]he policy directive at issue provides sthat the Special Activities Director of the prison hs the authority to approve requested fasts . . . .").

[2]"'Observant Muslims fast between dawn and sunset during the thirty days of Ramadan.'" *Heard v. Finco*. No. 1:13-cv-373, 2014 WL 2920479 *1 (W.D. Mich. Jun. 27, 2014) (citing *Lovelace v. Lee*, 472 F.3d 174, 182 (4th Cir. 2006)).

On June 16, 2016, Plaintiff filed a grievance against Defendants Duby and Mackie, and two others for failing to put Plaintiff on the Ramadan fast list. On June 17, 2016, Plaintiff filed a grievance against Defendant Duby for refusing to allow Plaintiff to change his religious preference.

Plaintiff alleges that Defendant Mackie responded to one of Plaintiff's grievances (Plaintiff does not indicate which one). Defendant Mackie's response indicated that participation in the Ramadan fast was available for religious designations of Muslim, Moorish Science Temple of America, or the Nation of Islam. Plaintiff contends that the list excludes Al-Islam.[3] Plaintiff alleges further that on October 7, 2016, Defendant Duby told another prisoner that Plaintiff was not placed on the Ramadan fast list because Defendant Duby lost Plaintiff's kite and because Defendant Duby does not care for Muslims.

Plaintiff claims that Defendants Duby and Mackie violated Plaintiff's First Amendment right to freely exercise his religion and Fourteenth Amendment right to equal protection of the laws, as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc–1(a).

## II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more

---

[3]Michigan Department of Corrections Policy Directive 05.03.150 Attachment A, titled "Recognized Religious Groups Authorized to Conduct Group Religious Services/Activities," lists the group Al-Islam as the same as Muslim. Plaintiff's suggestion that a list of groups that includes Muslim, but does not mention Al-Islam, excludes Al-Islam, appears to be frivolous.

than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff has adequately identified the source of the substantive rights he claims were infringed (First

Amendment, Fourteenth Amendment, and RLUIPA), but he has failed to allege sufficient active participation by Defendant Mackie to state a claim.

A.      Defendant Mackie

Plaintiff alleges that it is Defendant Duby's responsibility to process declaration of religious preference forms and to place inmates on the fasting list. (Complaint, ECF No. 1, PageID.3, ¶8.) Plaintiff's allegations with respect to Defendant Mackie; however, are far more general: "Defendant Mackie is endowed with the responsibility regarding the control and governing of Oaks Correctional Facility which includes but is not limited to the developing of procedures which is [sic] implemented to ensure compliance with, department policy and prisoners['] constitutional rights . . . ." (*Id.*, PageID.4, ¶9.) Essentially, Plaintiff contends that Defendant Duby failed to process Plaintiff's declaration of religious preference forms and failed to place Plaintiff on the fasting list. Plaintiff also contends Defendant Mackie, in his supervisory role, failed to make sure that Defendant Duby did his job. The only action Plaintiff attributes to Defendant Mackie is Defendant Mackie's Step II response to Plaintiff's grievance. (*Id.*, PageID.6-7, ¶19.)

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may

-5-

not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Mackie engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

B.      Defendant Duby

Upon initial review, the Court concludes that Plaintiff's allegations warrant service of the complaint upon Defendant Duby.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint against Defendant Mackie will be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Duby.

An Order consistent with this Opinion will be entered.


Dated:  January 12, 2017                          /s/ Janet T. Neff
                                                  Janet T. Neff
                                                  United States District Judge