UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLIOT PILTON,

    Plaintiff,                                         Hon. Janet T. Neff

v.                                                       Case No. 1:16-cv-1349

UNKNOWN DUBY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Enlargement of Time</u>. (ECF No. 24). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions be **denied** and, furthermore, that Plaintiff's remaining claims be **dismissed without prejudice for failure to timely effect service**.

Plaintiff initiated this action on November 21, 2016, against Thomas Mackie and Unknown Duby alleging violations of his rights under the First Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). (ECF No. 1). On January 12, 2017, the Honorable Janet T. Neff issued an Opinion and Order dismissing Plaintiff's claims against Defendant Mackie, but ordering that Plaintiff's complaint be served against Defendant Duby. (ECF No. 4). Judge Neff further ordered that, "[b]ecause Plaintiff is not proceeding *in forma pauperis* in this action, he is responsible for service of the summons and complaint upon Defendant Duby. (ECF No. 5).

On June 23, 2017, Plaintiff moved the Court to enter default against Defendant Duby on the ground that Duby failed to plead or otherwise defend against his complaint. On July 19, 2017, the Court denied Plaintiff's motion on the ground that entry of default was not proper because Plaintiff had failed to serve Defendant Duby with a copy of the summons and complaint. (ECF No. 22). Noting that the deadline for timely effecting service on Duby had expired three months prior, the Court warned Plaintiff that "in the event Plaintiff fails to effect service on Defendant Duby within thirty (30) days of the date of this Order, the undersigned will recommend that Plaintiff's remaining claims be dismissed without prejudice for failure to timely effect service." (ECF No. 22).

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Despite being afforded, in effect, a four month extension of the deadline by which to effect service, Plaintiff now requests yet another extension of time to effect service on Defendant Duby. There is no indication that Plaintiff's failure to thus far effect service is due to matters beyond his control. Moreover, Plaintiff has failed to demonstrate good cause to again extend the deadline for effecting service.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Enlargement of Time, (ECF No. 24), be **denied** and Plaintiff's remaining claims be **dismissed without prejudice for failure to timely effect service**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    Respectfully submitted,

Date: September 18, 2017     /s/ Ellen S. Carmody
    ELLEN S. CARMODY
    United States Magistrate Judge