MaUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLIOTT PILTON,

    Plaintiff,

    Case No. 1:16-cv-1349

v.

    HON. JANET T. NEFF

UNKNOWN DUBY, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's objections (ECF No. 26) to the Magistrate Judge's Report and Recommendation (ECF No. 25), recommending that Plaintiff's Motion for Enlargement of Time (ECF No. 24) be denied and Plaintiff's remaining claims be dismissed without prejudice for failure to timely effect service. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portions of the Report and Recommendation to which objections have been made. Also pending before the Court is Plaintiff's Motion to Amend (ECF No. 23). The Court denies the objections, denies the Motion to Amend, and issues this Opinion and Order.

**I**

Plaintiff initiated this action against Defendants Unknown Duby and Thomas Mackie on November 21, 2016, presenting claims under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA). On December 1, 2016, this

Court denied Plaintiff's application to proceed in forma pauperis (Order, ECF No. 3), and Plaintiff subsequently paid the filing fee. On January 12, 2017, this Court issued an Order for Partial Dismissal and Partial Service (ECF No. 5), dismissing with prejudice Plaintiff's claims against Defendant Mackie and instructing that "[b]ecause Plaintiff is not proceeding in forma pauperis in this action, he is responsible for service of the summons and complaint upon Defendant Duby" (*id.* at PageID.5, citing FED. R. CIV. P. 4). The next day, the Court issued a Summons as to Defendant Duby and mailed Plaintiff a copy (ECF No. 6).

Plaintiff did not thereafter timely serve Defendant Duby. Plaintiff moved for reconsideration of this Court's January 12, 2017 decision (ECF No. 8), which this Court denied (ECF No. 10). Plaintiff also filed an interlocutory appeal to the Sixth Circuit Court of Appeals (ECF No. 11), which was dismissed (ECF No. 19). And Plaintiff twice moved for appointment of counsel (ECF Nos. 7 & 12), which this Court denied (ECF Nos. 10 & 13).

On June 23, 2017, Plaintiff moved for entry of default against Defendant Duby on the ground that Duby "failed to plead or otherwise defend" against his Complaint (ECF No. 20). Plaintiff asserted therein that "[t]he local litigation coordinator was served via Litigation Section Manager who had a duty to immediately notify defendant of the pending suit" (*id.* at PageID.82). On July 19, 2017, the Magistrate Judge issued an Order, denying Plaintiff's motion as there is "no indication in the record that Plaintiff ever effected service on Defendant Duby" (ECF No. 22 at PageID.88). Further, the Magistrate Judge warned that "in the event Plaintiff fails to effect service on Defendant Duby within thirty (30) days of the date of this Order, the undersigned will recommend that Plaintiff's remaining claims be dismissed without prejudice for failure to timely effect service" (*id.*).

Plaintiff did not thereafter serve Defendant Duby.  On August 16, 2017, Plaintiff filed a "Motion for Enlargement of Time to Produce Waiver of Service" (ECF No. 24).  On September 18, 2017, the Magistrate Judge issued a Report and Recommendation (ECF No. 25), recommending that this Court deny Plaintiff's motion and dismiss Plaintiff's remaining claims without prejudice for failure to timely effect service.  Specifically, the Magistrate Judge determined that "Plaintiff has failed to demonstrate good cause to again extend the deadline for effecting service" (R&R, ECF No. 25 at PageID.106).  Plaintiff filed objections to the Report and Recommendation (ECF No. 26).

**II**

Plaintiff expressly delineates four objections, which the Court will consider in turn:

*Objection #1*.  Plaintiff first "objects to the court[']s finding that being imprisoned is not a barrier that could affect his attempt to effect service upon the defendants in this case" (ECF No. 26 at PageID.110-111).  However, Plaintiff identifies no portion of the Magistrate Judge's Report and Recommendation to which this objection is made, and the Court has located no such finding by the Magistrate Judge.  *See generally* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections").  Accordingly, this objection is denied.

*Objection #2*.  Plaintiff next "objects to the court[']s finding that good cause has not been established to extend the deadline for effecting service" (ECF No. 26 at PageID.111).  In support of his objection, Plaintiff (a) points out that his request for an enlargement of time was made within the 30-day extension, (b) claims that he has "been diligent in meeting deadlines," and (c) opines that "a dismissal at this point would effectively make the courts a gatekeeper for the defendants" (*id.*).

3

Plaintiff's objection does not demonstrate any error in the Magistrate Judge's good-cause analysis or conclusion. "Establishing good cause is the [plaintiff's] responsibility ... and 'necessitates a demonstration of why service was not made within the time constraints.'" *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). Neither the timeliness of Plaintiff's request for an extension nor his opinion of the effect of a dismissal constitutes good cause. And Plaintiff's claim of diligence is not supported by the record. In short, Plaintiff's second objection does not demonstrate any error in the Magistrate Judge's good-cause analysis or ultimate conclusion that Plaintiff failed to bear his burden to establish good cause for his failure to timely effect service. His objection is therefore properly denied.

*Objection #3*. Third, Plaintiff "objects to Judge Neff's Recommendation that Defendant Mackie be dismissed from the complaint …" (ECF No. 26 at PageID.111). Plaintiff's third objection, like his first, does not challenge any portion of the Magistrate Judge's Report and Recommendation. *See generally* W.D. Mich. LCivR 72.3(b). Rather, his objection improperly attempts to reiterate arguments that were previously rejected by this Court in denying his motion for reconsideration of this Court's January 12, 2017 Order for Partial Dismissal and Partial Service (2/6/17 Order, ECF No. 10).

In his third objection, Plaintiff also references his pending "Motion to Amend" (ECF No. 23), by which Plaintiff seeks to add an Eighth Amendment claim to his Complaint against both Duby and previously dismissed Defendant Mackie. However, as Plaintiff does not indicate how his proposed amended complaint cures his failure to serve his original Complaint, the proposal does not demonstrate that a result other than the dismissal recommended by the Magistrate Judge

4

is warranted. Therefore, Plaintiff's third objection, as well as the Motion to Amend, are properly denied.[1]

*Objection #4.* Last, Plaintiff "objects to the Honorable Judge[']s finding that there was no indication that the failure to thus far effect service is due to matters beyond his control" (Pl. Obj., ECF No. 26 at PageID.112; R&R, ECF No. 25 at PageID.106). In support of his fourth objection, Plaintiff points to (a) his status as a "Pro Se prisoner" and (b) his purported efforts to effect service by waiver (ECF No. 26 at PageID.112).

While pro se litigants are afforded significant leeway, those who proceed without counsel must still comply with the procedural rules that govern civil cases. *Frame v. Superior Fireplace*, 74 F. App'x 601 (6th Cir. 2003) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Here, Plaintiff was not advised that his action could be dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to Federal Rule of Civil Procedure 4. The requirement of proper service of process is not some "mindless technicality," but operates to give this Court personal jurisdiction over defendants. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein).

On the facts of this case, Plaintiff's purported efforts to effect service by waiver also do not demonstrate good cause, or that "the failure to thus far effect service is due to matters beyond his control." If anything, his improvident efforts to effect service by waiver, which, per Rule 4(d)(1)(F), provides a defendant "at least 30 days" after the request is sent to return the waiver, instead demonstrate why Plaintiff did *not* accomplish service by the clearly stated 30-day deadline in the Court's July 19, 2017 Order. *See Eades v. Clark Distribution Co.*, 70 F.3d 441, 443 (6th

---

[1] Moreover, the Court notes that Plaintiff's proposed amendment—that he "was forced to either abandon his Ramadan fast or consume one meal per day from the prisoner store paid for out of the Plaintiff's own pocket" (Pl's. Proposed Am. Compl., ECF No. 23-1 at PageID.93)—appears to fail to state a claim for a violation of the Eighth Amendment.

Cir. 1995) (discussing the device of waiver of service and indicating that "unless there is ample time, the plaintiff should proceed directly to the formal methods of service") (quoting FED. R. CIV. P. 4 advisory committee notes, 1993 amendments). *See also* 4A FED. PRAC. & PROC. CIV. § 1092.1 ("Request for Waiver of Formal Service of Summons") (4th ed.) ("The procedure for requesting waiver of service obviously should not be used if the time for service of the summons under subdivision (m) will expire before the date on which the waiver must be returned.") In sum, Plaintiff's fourth objection also lacks merit and is properly denied.

## III

Having determined that Plaintiff's objections lack merit, the Court will approve and adopt the Magistrate Judge's Report and Recommendation and, in its discretion, dismiss Plaintiff's remaining claims without prejudice for lack of service. Further, a Judgment will also enter consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 26) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 25) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Enlargement of Time (ECF No. 24) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (ECF No. 23) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims are DISMISSED without prejudice pursuant to FED. R. CIV. P. 4(m).

Dated: February 6, 2018 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge